## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CAPITAL HEALTH SYSTEMS, INC., | Civ. No. _____ |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| AETNA HEALTH, INC., | |
| Defendant. | |

TO:   CLERK, UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

PLEASE TAKE NOTICE that Defendant Aetna Health Inc. ("Aetna") removes to the United States District Court for the District of New Jersey the action filed by Capital Health Systems, Inc. ("Capital Health") in the Superior Court of New Jersey, Mercer County, Law Division, captioned *Capital Health Systems, Inc. v. Aetna Health, Inc.*, Docket No.: MER-L-000192-26 ("the State Court Action").[1]  The grounds for removal are below.

### BACKGROUND

1.      Capital Health initiated the State Court Action by filing a Complaint on January 22, 2026. A true and correct copy of the Complaint is attached as **Exhibit A**.

---

[1] By removing this action to federal court, Aetna does not waive and expressly reserves its right to seek an order from this Court compelling arbitration pursuant to the arbitration provision of the Hospital Services Agreement.

2.      Counsel for Aetna accepted service of the Complaint by email on February 4, 2026.

3.      Other than the filing of the Complaint, no other proceedings have been held in the State Court Action. The complete state docket is attached as **Exhibit B**.

4.      According to the Complaint, Capital Health provided services to Aetna members, most of whom were covered by Medicare Advantage plans, and Aetna, in exchange, reimbursed Capital Health at agreed-upon rates pursuant to a Hospital Services Agreement. Compl. at ¶ 13.

5.      Aetna operates as a Medicare Advantage Organization ("MAO") and provides health benefits to certain Medicare-eligible enrollees at the direction of the Centers for Medicaid and Medicare Services ("CMS"), an agency within the U.S. Department of Health and Human Services. *See* 42 U.S.C. § 1395w-27(a) (providing that an MAO must enter into a contract with CMS in which it agrees to comply with the applicable requirements, standards, terms and conditions of the Medicare Act).

6.      Capital Health alleges that Aetna has improperly denied or underpaid more than 450 claims, and it seeks roughly $4 million in damages. Compl. at ¶ 19. According to the Complaint, more than 410 of the claims in dispute were Medicare Advantage claims, accounting for $3.7 million of the alleged damages. *Id*.

## FEDERAL OFFICER REMOVAL IS APPROPRIATE
## UNDER 28 U.S.C. § 1442(a)(1)

7.      Removal is appropriate under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), because Capital Health has sued Aetna for actions it took "under

color of" federal law while acting under the direction of CMS. The Federal Officer

Removal Statute permits removal of any action against:

> The United States or any agency thereof or any officer (or any
> person acting under that officer) of the United States or of any
> agency thereof, in an official or individual capacity, for or
> relation to any act under color of such office or on account of any
> right, tile or authority claimed under any Act of Congress for the
> apprehension or punishment of criminals or the collection of
> revenue.

28 U.S.C. § 1442(a)(1).

8.    The Supreme Court and the Third Circuit have held that the Federal

Officer Removal Statute must be broadly construed to allow defendants to remove

whenever they are acting under color of federal office. *Arizona v. Manypenny*, 451

U.S. 232, 242 (1981); *see also In re Commonwealth's Motion to Appoint Counsel

Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 466 (3d Cir. 2015) ("*Def.

Ass'n*") (citing *Watson v. Philip Morris Cos.*, 551 U.S. 142, 150 (2007)). In sum, the

Federal Officer Removal Statute "is to be liberally construed in favor of the federal

forum." *Cessna v. REA Energy Coop., Inc.*, 753 F. App'x 124, 125 (3d Cir.

2018) (citing *Watson*, 551 U.S. at 147).

9.    This Court has jurisdiction based on Aetna's participation in the

Medicare program as a government contractor and the government's "detailed

regulation, monitoring [and] supervision" of its Medicare-related activities. *See

Watson*, 551 U.S. at 153.

10.    To remove a case under the Federal Officer Removal Statute, a

defendant must show that (1) it is a "person" within the meaning of the statute; (2) it

is "acting under" a federal officer's authority; (3) the plaintiff's claims are "for, or relating to an act under color of federal office"; and (4) the defendant can assert a "colorable federal defense" to the plaintiff's claims. *Golden v. New Jersey Inst. Of Tech.*, 934 F.3d 302, 309 (3d Cir. 2019) (internal quotations omitted). Aetna satisfies each requirement.

11.    *First*, Aetna is a "person" for removal purposes. "Because the statute does not define 'person,' courts look to 1 U.S.C. § 1, which defines the term 'to include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals.'" *Def. Ass'n*, 790 F.3d at 467.

12.    *Second*, Aetna is "acting under" the federal government's authority in the administration of claims for Medicare benefits. Aetna administers these benefits under the supervision of CMS, a federal agency, pursuant to a contract with CMS. Further, the Hospital Services Agreement states that the Medicare rules and guidelines govern, that Aetna acts as an MAO, and that the Hospital Services Agreement relates to Medicare Advantage plans that Aetna offers in conjunction with CMS. *See also* Compl. at ¶¶ 7, 11, 13. Accordingly, Aetna was "acting under" the authority of the federal government with respect to the alleged conduct at issue. *See, e.g.*, *MHA, LLC v. Amerigroup Corp.*, No. 18-16042, 2021 WL 226110, at *5 (D.N.J. Jan. 21, 2021) ("I find, in agreement with nearly every other court that has considered the issue, that MCOs . . . are 'acting under' the government by providing Medicare Advantage plans."); *see also Spark Inspiration Lab'y, LLC v. UnitedHealthcare Ins. Co.*, No. 23-02890, 2024 WL 3541929, at *4 (D.N.J. May 17, 2024) ("[C]ourts across

the country, including those in this District, consistently hold that, by providing Medicare coverage and reimbursing providers, MAOs help the government produce an item that it needs, and therefore, satisfy the 'acting under' requirement"); *Trinity Home Dialysis, Inc. v. WellMed Networks, Inc.*, 20-02112, 2022 WL 837495, at *3 (N.D. Tex. Mar. 21, 2022), *aff'd*, No. 22-10414, 2023 WL 2573914 (5th Cir. Mar. 20, 2023).

13.    *Third*, Capital Health has sued Aetna for actions taken under color of federal office. To satisfy this element, Aetna need only show that federal direction created the circumstances underlying the liability, which it did. *Watson*, 551 U.S. at 153. Medicare coverage is determined in accordance with regulations, national coverage determinations, local coverage determinations, and general coverage guidelines included in Medicare manuals and instructions. *See, e.g.,* 42 CFR §§ 422.101(b)(1), 405.1060(a)(4); 42 U.S.C. § 1395y(l). And Capital Health bases over 90% of its request for damages on the alleged denial or underpayment of claims for benefits under Medicare Advantage plans. *See, e.g., MHA, LLC*, 2021 WL 226110, at *7 (for removal, a plan insurer or administrator "need only show that there is a connection or association between the act in question and the federal office").

14.    *Fourth*, Aetna has colorable federal defenses. Defenses need only be colorable to achieve removal, meaning that Defendants "need not win [their] case before [they] can have it removed." *Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969). Here, Aetna has a colorable federal defense because Capital Health failed to plead exhaustion of mandatory administrative appeal procedures before filing this

action. *See, e.g.*, *Spark Inspiration Lab., LLC v. UnitedHealthcare Ins. Co.*, No. 23-02890, 2024 WL 3541929, at *6 (D.N.J. May 17, 2024), *R&R adopted*, 2024 WL 3540415 (D.N.J. July 23, 2024) (collecting cases and noting that "[i]n analogous cases involving claims brought against a MAO, courts across the country have found that asserting a failure to exhaust administrative remedies is a colorable federal defense"); *Assocs. Rehab. Recovery, Inc. v. Humana Med. Plan, Inc.*, 76 F. Supp. 3d 1388, 1392-93 (S.D. Fla. 2014) (finding that a private contract between a provider and MAO did not excuse the provider from the requirement of exhausting administrative remedies under the Medicare appeals process). Indeed, the Medicare rules and regulations, including those relating to appeals, are explicitly incorporated in the Hospital Services Agreement referenced in the Complaint.

15.    Aetna also has additional colorable federal defenses, including that at least some of Capital Health's claims are preempted by the Medicare Act. *See, e.g.*, *MHA, LLC,* 2021 WL 226110, at *7-8 (finding a preemption defense colorable with respect to a provider's unjust enrichment claim); *Prime Healthcare Servs. v. Humana Ins. Co.*, 298 F. Supp. 3d 1316, 1321 (C.D. Cal. 2018) (finding that a network provider's claim for breach of contract against an MAO was preempted).

16.    Aetna is therefore entitled to remove this action to this Court. *See, e.g.*, *MHA, LLC*, 2021 WL 226110, at *5.

17.    Since removal is proper under 28 U.S.C. § 1442(a)(1), this Court has jurisdiction over the entire case. *See, e.g., Lewis v. Asbestos Corp.*, No. 10-650, 2012 WL 3240941, at *6 (D.N.J. Aug. 7, 2012) (holding that removal "applies to the entire

6

matter" once the defendant satisfies the four elements required under the Federal Officer Removal Statute); *see also MHA, LLC*, 2021 WL 226110, at *2 (retaining jurisdiction over case removed under Federal Officer Removal statute even though claims relating to Medicare Advantage plans made up only "part" or the case).

## REMOVAL IS PROCEDURALLY PROPER

18.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Aetna filed it within 30 days of service of the Complaint.

19.    The United States District Court for the District of New Jersey is the appropriate venue because it is the "district and division embracing the place where [the State Court Action] is pending." 28 U.S.C. § 1441(a).

20.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly filed with the Superior Court of New Jersey and served upon counsel for Plaintiff. A copy of the Notice of Filing of Notice of Removal that will be filed in the State Court Action is attached hereto as **Exhibit C.**

## CONCLUSION

21.    Defendant removes this action to the United States District Court for the District of New Jersey.

Respectfully submitted,

STRADLEY RONON STEVENS & YOUNG LLP

*/s/ Samuel E. Paul*

Jordann Conaboy (*pro hac vice* motion forthcoming)
Samuel E. Paul
2005 Market Street, Suite 2600
Philadelphia, PA 19103
(215)564-8082
jconaboy@stradley.com
spaul@stradley.com

Dated: February 27, 2026    *Attorneys for Defendant Aetna Health, Inc.*

## LOCAL CIVIL RULE 11.2 CERTIFICATION
## AND CERTIFICATE OF SERVICE

I, Samuel E. Paul, certify that the matter in controversy is not the subject of any other action pending in any court or arbitration or administrative proceeding.

I further certify that on February 27, 2026, I caused true and correct copies of this Notice of Removal and its Exhibits and Civil Cover Sheet to be filed electronically with the Court and served by electronic mail upon:

Athony Argiropoulos, Esq.
William Gibson, Esq.
Alec Wong, Esq.
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
281 Witherspoon Street, 3rd Floor
Princeton, New Jersey 08540
aargiropoulos@bakerdonelson.com
wgibson@bakerdonelson.com
twong@bakerdonelson.com

*Attorneys for Plaintiff*
*Capital Healthy System, Inc.*

*/s/ Samuel E. Paul*
Samuel E. Paul