# EXHIBIT A

Anthony Argiropoulos (#024861997)
William Gibson (#021872005)
Alec Wong (#435462023)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
281 Witherspoon Street
3rd Floor
Princeton, New Jersey 08540
(609) 490-4860

*Attorneys for Plaintiff Capital Health Systems, Inc.*

| | |
|---|---|
| CAPITAL HEALTH SYSTEMS, INC., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MERCER COUNTY |
| Plaintiff, | |
| v. | Docket No.: _____ |
| AETNA HEALTH INC., | **COMPLAINT AND JURY DEMAND** |
| Defendant. | |

Plaintiff Capital Health Systems, Inc. ("Plaintiff" or "Capital Health"), by and through its undersigned counsel, Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC, as to its Complaint against Defendant Aetna Health Inc. ("Defendant" or "Aetna") alleges as follows:

<u>**NATURE OF DISPUTE**</u>

1. This controversy arises from Aetna's blatant and continued failure to make payment on certain reimbursement claims submitted by Capital Health for necessary medical services rendered to Aetna's insured members under a 2017 Hospital Services Agreement, as amended.

2. Capital Health is a reputable medical provider and has rendered patient-centric, high-quality services for years. Pursuant to the Agreement between Capital Health and Aetna, Aetna agreed to pay Capital Health for medical services that Capital Health provides to Aetna's members at certain agreed-upon rates. However, Aetna has failed to abide by the terms of the

Agreement and refused to reimburse Capital Health for services rendered by either outright denying claims for services properly provided by Capital Health or otherwise unilaterally paying at a lower rate than was appropriate for the services provided, which is a material breach. In fact, as of the date of this Complaint, there are more than 450 claims submitted by Capital Health for which it has not been adequately reimbursed, totaling more than $4,000,000.00 in damages.

3.      Aetna has attempted to skirt its payment obligations to Capital Health by asserting that the medical care was not "medically necessary." However, a review of the claims reveals that Aetna's decisions to deny or otherwise reduce the payment for the claims properly submitted by Capital Health are unsupported by the medical and billing records.

4.      To date, despite Capital Health's repeated attempts, Aetna has failed to cure these deficiencies, resulting in millions in past and ongoing compensatory damages to Capital Health.

5.      Aetna has further breached the Agreement by refusing to participate in the Agreement's mandatory mediation process.

**PARTIES**

6.      Capital Health is a non-profit New Jersey health system based in Mercer County, New Jersey. Capital Health includes two hospitals: (a) an urban hospital called Regional Medical Center ("RMC") in Trenton, New Jersey; and (b) a suburban hospital called Capital Health Medical Center Hopewell in Hopewell Township, New Jersey. Capital Health is a "safety net" hospital that serves a proportionally higher number of uninsured patients, Medicare recipients, and other economically, socially, and otherwise disadvantaged and vulnerable patients.

7.      Upon information and belief, Aetna is a New Jersey corporation that administers health and welfare benefit plans, including commercial health plans and Medicare plans, in New Jersey and other states across the country for its members.

2

## JURISDICTION AND VENUE

8.      This Court has jurisdiction because, at all times relevant hereto, the events and occurrences that gave rise to this action transpired and/or were transacted in New Jersey.

9.      The Agreement does not mandate binding/non-binding arbitration and only requires the parties to endeavor to settle the controversy by mediation. Aetna has refused to participate in mediation with Capital Health and has therefore breached the Agreement and forfeited its right to enforce any mediation requirement.

10.     Venue is properly laid in Mercer County, New Jersey, pursuant to *R.* 4:3-2 because Capital Health is headquartered in Mercer County, New Jersey.

## FACTS

11.     Medicare is a federal health insurance program for people age 65 or older and those with disabilities. It is administered by the Centers for Medicare and Medicaid Services ("CMS"), which is part of the Department of Health and Human Services ("HHS"). In contrast, Commercial Health plans describe health coverage that are sold and administered by a private company.

### A. The Hospital Services Agreement

12.     Capital Health and Aetna entered into a Hospital Services Agreement (the "Agreement") effective October 15, 2017, as amended in 2020. True and correct copies of the Agreement and a 2020 Amendment are annexed hereto as Exhibit A.[1] The Agreement had an

---

[1] Exhibit A is subject to certain confidentiality restrictions (*see* Agreement §§ 1.17; 5.5). Capital Health anticipates filing a redacted version and accompanying Motion to Seal following a discussion with Defendants regarding which portions of the Exhibit are Proprietary Information. In the interim, a full and complete copy of Exhibit A will be served on Defendant along with this Complaint to facilitate those discussions.

initial term of three (3) years, until October 15, 2020, and thereafter has automatically continued for additional terms of one (1) year each.

13.     Pursuant to the Agreement, Capital Health would provide services to Aetna members for Commercial Health and Medicare plans, and, in exchange for Capital Health's services to Aetna's members, Aetna would reimburse Capital Health at agreed-upon rates.

14.     Capital Health agreed to these prices for services billed to Aetna in exchange for access to Aetna's base of insured members and better predictability regarding payments.

15.     Specifically, the Agreement states that Capital Health will provide medical services to Aetna Members in exchange for agreed upon rates. Ex. A., p. 5.

16.     Under the Agreement, Capital Health is required to provide Medically Necessary services to Aetna Members.

17.     The Agreement also sets forth Aetna's obligations to reimburse Capital Health for medically necessary covered services provided to Aetna members. Ex. A., pp. 9-10.

**B.  Aetna's Breach of the Agreement**

18.     Aetna has flagrantly breached the Agreement by failing to pay Capital Health, in whole or in part, for medical services rendered to Aetna's members since the beginning of 2024.

19.     As of the date of filing, Capital Health has identified more than 450 improperly denied or underpaid claims, which are broadly categorized as follows:

- More than 40 denied claims for services provided to Aetna commercial subscribers ("Commercial Denials") totaling more than $300,000.00;

- More than 210 denied claims for services provided to Aetna Medicare Advantage subscribers ("MA Denials") totaling more than $2,700,000; and

- More than 200 Medicare Advantage claims that were paid at a lower rate than was appropriate for the services rendered ("DRG Downgrades") totaling more than $1,000,000.00.

20.     Many of these disputed medical necessity determinations are characterized by denial codes that indicate Aetna's improper determination that the care was not medically necessary, most notably code 150 ("Payer deems the information submitted does not support this level of service"), code 197 ("Precertification/authorization/notification absent).

21.     Upon information and belief, Aetna has also denied Capital Health payment for medical services for other pretextual and improper reasons. Aetna was recently awarded the New Jersey state employee and public school staff benefits contract that previously had been exclusively held by Horizon Blue Cross Blue Shield. Upon information and belief, Aetna underbid on the contract to obtain the bid and has attempted to make up for that underbidding by, among other things, denying Capital Health payment for necessary medical services rendered to its members.

22.     In doing so, Aetna materially breached, and continues to breach, the Agreement.

23.     As direct result of Aetna's breaches of the Agreement, Capital Health suffered and continues to suffer substantial damages in excess of $4,000,000.00.

24.     As stated above, the Agreement requires that the parties endeavor to resolve the dispute through mediation. Ex. A, pp. 15, 22-23. On June 26, 2025 counsel for Capital Health notified Aetna that it intended to invoke the Agreement's mediation procedures. On July 15, 2025 at Aetna's request, Capital Health provided an initial list of claims in dispute. On November 17, 2025 and again on December 3, 2025, Capital's counsel followed up Aetna regarding scheduling the required mediation but received no response.

5

25.     Despite Aetna's failures, Capital Health has continued to treat Aetna's insureds, allowing Aetna to enjoy the benefits of the contract while refusing to reimburse Capital Health for those very same services—all of which will continue to cause Capital Health to suffer losses.

## COUNT I
### (Breach of Contract)

26.     Capital Health repeats and realleges each and every allegation above as though set forth fully herein.

27.     The Agreement is a valid and enforceable contract that sets forth the rights and obligations of Capital Health and Aetna.

28.     Capital Health has performed all of its obligations under the Agreement.

29.     Aetna has materially breached, and continues to materially breach, the Agreement by failing to reimburse Capital Health for healthcare services rendered to Aetna's members.

30.     Aetna has also materially breached the Agreement by failing to participate in the required good faith mediation procedures called for in the Agreement. Any argument Aetna may have that Capital Health is required to arbitrate this dispute is barred by Aetna's bad faith refusal to abide by the Agreement's dispute resolution provision.

31.     As a result of Aetna's material breach of the Agreement, Capital Health has suffered, and continues to suffer, significant damages in an amount to be determined at trial but that is no less than $4,000,000.00.

## COUNT II
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

32.     Capital Health repeats and realleges each and every allegation above as though set forth fully herein.

33.     The Agreement contains an implied covenant of good faith and fair dealing.

34.     Through its foregoing unlawful conduct, including its failure to respond to Capital's attempt to mediate as called for in the Agreement, Aetna has materially breached the implied covenant of good faith and fair dealing and deprived Capital Health the benefit of its bargain with Aetna under the Agreement.

35.     As a result of Aetna's material of the breach implied covenant of good faith and fair dealing, Capital Health has suffered, and continues to suffer, significant damages.

## COUNT III
### (Unjust Enrichment)

36.     Capital Health repeats and realleges each and every allegation above as though set forth fully herein.

37.     Capital Health conferred a substantial benefit upon Aetna.

38.     Through Aetna's foregoing unlawful conduct, Aetna has been unjustly and unfairly enriched at Capital Health's expense and harm.

39.     Aetna should be ordered to repay and compensate Capital Health for all such unjust and unfair benefits.

**WHEREFORE**, Capital Health demands judgment against Aetna as follows:

a.   For monetary damages;

b.   For attorneys' fees and costs;

c.   For pre-judgment and post-judgment interest; and

d.   For such other relief as the Court deems equitable and just.

Dated: January 22, 2026

By:  _/s/ Anthony Argiropoulos_

Anthony Argiropoulos

7

William Gibson
Alec Wong
**BAKER, DONELSON, BEARMAN, CALDWELL, & BERKOWITZ, PC**
281 Witherspoon Street
3rd Floor
Princeton, NJ 08540
(609) 490-4860

*Attorneys for Plaintiff*
*Capital Health Systems, Inc.*

## JURY DEMAND

Wakefern hereby demands a trial by jury on all issues so triable, pursuant to *R*. 1:8-2(b) and 4:35-1(a).

Dated: January 22, 2026

By:  */s/ Anthony Argiropoulos*
        Anthony Argiropoulos
        William Gibson
        Alec Wong
        **BAKER, DONELSON, BEARMAN,
        CALDWELL, & BERKOWITZ, PC**
        281 Witherspoon Street
        3rd Floor
        Princeton, NJ 08540
        (609) 490-4860

        *Attorneys for Plaintiff
        Capital Health Systems, Inc.*

## DESIGNATION OF TRIAL COUNSEL

Anthony Argiropoulos, Esquire, is hereby designated as trial counsel for Plaintiff Capital Health Systems, Inc.

Dated: January 22, 2026

By: */s/ Anthony Argiropoulos*
Anthony Argiropoulos
William Gibson
Alec Wong
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
281 Witherspoon Street
3rd Floor
Princeton, NJ 08540
(609) 490-4860

*Attorneys for Plaintiff*
*Capital Health Systems, Inc.*

## CERTIFICATION PURSUANT TO *R.* 4:5-1(b)(2)

I certify that the matter in controversy is not the subject of any other pending court or arbitration proceeding. I am not aware of any other contemplated court or arbitration proceeding, and I am not aware of any other party that should be joined at this time.

Dated: January 22, 2026

By:  */s/ Anthony Argiropoulos*
Anthony Argiropoulos
William Gibson
Alec Wong
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
281 Witherspoon Street
3rd Floor
Princeton, NJ 08540
(609) 490-4860

*Attorneys for Plaintiff*
*Capital Health Systems, Inc.*

11

## CERTIFICATION PURSUANT TO *R*. 4:5-1(b)(3)

I certify that confidential personal identifiers have been redacted from documents submitted to the Court, and will be redacted from all documents submitted in the future in accordance with *R*. 1:38-7(b).

Dated: January 22, 2026

By: */s/ Anthony Argiropoulos*

Anthony Argiropoulos
William Gibson
Alec Wong
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
281 Witherspoon Street
3rd Floor
Princeton, NJ 08540
(609) 490-4860

*Attorneys for Plaintiff*
*Capital Health Systems, Inc.*

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-000192-26

**Case Caption:** CAPITAL HEALTH SYSTE MS, INC.  VS AETNA HEALTH IN

**Case Initiation Date:** 01/22/2026

**Attorney Name:** ANTHONY ARGIROPOULOS

**Firm Name:** BAKER DONELSON BEARMAN CALDWELL & BERKOW

**Address:** 281 WITHERSPOON STREET PRINCETON NJ 08540

**Phone:** 6094904860

**Name of Party:** PLAINTIFF : Capital Health Systems, Inc.

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Capital Health Systems, Inc.? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/22/2026
Dated

/s/ ANTHONY ARGIROPOULOS
Signed